IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

DEC 0 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DIRECT TV, INC., § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | No. CIV. <u>B-03-162</u> |
| § | |
| RAMON BERMEA, FERNANDO GARCIA, § | |
| GARY MALEY, DAVID TREVINO § | |
| § | |
| *Defendant* § | |

## ANSWER OF RAYMOND BERMEA

COMES NOW, Defendant, RAMON BERMEA, by and through his undersigned counsel, RICHARD VALDEZ, and files his Answer to the Complaint of the Plaintiff herein and states as follows:

This defendant denies generally and specifically to each and every material allegation contained in the complaint of the except that which may be hereinafter admitted.

## PRELIMINARY STATEMENT

1    For further answer and defense, this Defendant admits this lawsuit involves the allegations in paragraph 1 of the complaint; however, denies allegations as they relate to him and demands strict proof thereof.

## DIRECTV'S BUSINESS OPERATION

Criminal R Bermea-ans & aff def

1

2.  For further answer and defense, this Defendant acknowledges Plaintiff's paragraphs 2 of the complaint, with regard to factual information contained therein about its business operations but this Defendant denies the allegations as they relate to him and demands strict proof thereof. Further, this defendant states that he is without knowledge as to the allegations and the relations to other defendants, and therefore they are denied.

3.  For further answer and defense, this Defendant acknowledges Plaintiff's paragraphs 3 of the complaint, with regard to factual information contained therein about its business operations but this Defendant denies the allegations as they relate to him and demands strict proof thereof. Further, this defendant states that he is without knowledge as to the allegations and the relations to other defendants, and therefore they are denied.

4.  For further answer and defense, this Defendant acknowledges Plaintiff's paragraphs 4 of the complaint, with regard to factual information contained therein about its business operations but this Defendant denies the allegations as they relate to him and demands strict proof thereof. Further, this defendant states that he is without knowledge as to the allegations and the relations to other defendants, and therefore they are denied.

5.  For further answer and defense, this Defendant is without knowledge or information to form a belief as to the truth of averments of paragraphs 5 of the complaint about its business operations but this Defendant denies the allegations as they relate to him and demands strict proof thereof. Further, this defendant states that he is without knowledge as to the allegations and the relations to other defendants, and therefore they are denied.

6.  For further answer and defense, this Defendant admits that he is a resident of the State of Texas but denies the remaining allegations in paragraph 6 of the complaint, as they relate to him

and demands strict proof thereof. This defendant states that he is without knowledge as to the allegations and the relations to other defendants, and therefore they are denied.

7.   For further answer and defense, this Defendant is without knowledge as to the allegations contained in Paragraph 7 of the complaint, and therefore they are denied.

8.   For further answer and defense, this Defendant is without knowledge as to the allegations contained in Paragraph 8 of the complaint, and therefore they are denied.

## JURISDICTION

9.   For further answer and defense, this Defendant, hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 9 of the complaint as if fully set for herein.

10.   For further answer and defense, this Defendant, relative to paragraph 10 of the complaint, states that the claims by Plaintiff are alleged to arise by virtue of the statutory claims made therein, but denies that the facts as pled give rise to a cause of action against this defendant pursuant to those statutes.

11.   For further answer and defense, this Defendant, relative to paragraph 11 of the complaint, admits that he is a citizen of Texas and resides within the Southern District of Texas, but this defendant denies any act of violating federal law. This Defendant is without knowledge to the alleged acts as they relate to him and states he has no knowledge as it relates to allegations of this paragraph relative to other Defendants and therefore denies the same.

## VENUE

12   For further answer and defense, this Defendant, hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 12 of the complaint as if fully set for herein

13. For further answer and defense, this Defendant, relative to paragraph 13 of the complaint, admits that he is a citizen of Texas and within the Southern District of Texas, but this defendant is without knowledge to the alleged acts as they relate to him and states he has no knowledge as it relates to allegations of this paragraph relative to other Defendants and therefore denies the same.

## PARTIES

14. For further answer and defense, this Defendant, hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 14 of the complaint as if fully set for herein.

15. For further answer and defense, this Defendant is without knowledge as to the allegations contained in Paragraph 15 of the complaint, and therefore they are denied.

16. For further answer and defense, this Defendant states that he resides in Raymondville, Texas, but states he has no knowledge as to the allegations contained in Paragraph 16 of the complaint, and therefore denies the same, and demands strict proof thereof.

16(a) For further answer and defense, this Defendant states that he has no knowledge as the allegations contained in Paragraph 16(a) of the complaint, and therefore denies the same, and demands strict proof thereof.

16(b) For further answer and defense, this Defendant states that he has no knowledge as the allegations contained in Paragraph 16(b) of the complaint, and therefore denies the same, and demands strict proof thereof.

17. For further answer and defense, this Defendant states that he denies the allegations of paragraph 17 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

18. For further answer and defense, this Defendant states that he denies the allegations of paragraph 18 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof

19. For further answer and defense, this Defendant states that he denies the allegations of paragraph 19 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof..

19(a). For further answer and defense, this Defendant states that he denies the allegations of paragraph 19(a) of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof..

19(b). For further answer and defense, this Defendant states that he denies the allegations of paragraph 19(b) of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

20.    For further answer and defense, this Defendant avers Paragraph 20 of this complaint is not subject to response.

21.    For further answer and defense, this Defendant states that he denies the allegations of paragraph 21 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

22.    For further answer and defense, this Defendant states that he denies the allegations of paragraph 22 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

## DISCOVERY OF ILLEGAL CONDUCT

23.    For further answer and defense, this Defendant, hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 23 of the complaint as if fully set for herein.

24.    For further answer and defense, this Defendant is without knowledge as to the allegations contained in Paragraph 24 of the complaint, but denies the allegations pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

## COUNT I - VIOLATION OF 47 U.S.C. 605 § (e)(3)(c)

25.    For further answer and defense, this Defendant, hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 25 of the complaint as if fully set for herein.

26.    For further answer and defense, this Defendant states that he denies the allegations of paragraph 26 of the complaint pertaining to this Defendant, and states that to the extent that such

allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

27. For further answer and defense, this Defendant states that he denies the allegations of paragraph 27 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

28. For further answer and defense, this Defendant states that he has no knowledge as the allegations contained in Paragraph 28 of the complaint, and therefore denies the same, and demands strict proof thereof.

29. For further answer and defense, this Defendant states that he denies the allegations of paragraph 29 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

30. For further answer and defense, this defendant, denies the allegations contained in paragraph 30 of this complaint, as said allegations are speculative, presumptive and conclusionary and demands strict proof thereof.

## COUNT II - VIOLATION OF 18 U.S.C. § 2511

31. For further answer and defense, this Defendant hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 31 of the complaint as if fully set for herein.

32. For further answer and defense, this Defendant states that he denies the allegations of paragraph 32 of the complaint pertaining to this Defendant, and states that to the extent that such

allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

33. For further answer and defense, this Defendant states that he denies the allegations of paragraph 33 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

34. For further answer and defense, this defendant, denies the allegations contained in paragraph 34 of this complaint, as said allegations are speculative, presumptive and conclusionary and demands strict proof thereof.

## COUNT III - VIOLATION OF 18 U.S.C. § 2512

35. For further answer and defense, this Defendant hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 35 of the complaint as if fully set for herein.

36. For further answer and defense, this Defendant states that he denies the allegations of paragraph 36 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

37. For further answer and defense, this Defendant states that he denies the allegations of paragraph 37 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

38. For further answer and defense, this defendant, denies the allegations contained in paragraph 38 of this complaint, as said allegations are speculative, presumptive and conclusionary and demands strict proof thereof.

### COUNT IV - VIOLATION OF 47 U.S.C. § 605(e)(4)

39. For further answer and defense, this Defendant hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 39 of the complaint as if fully set for herein.

40. For further answer and defense, this Defendant states that he denies the allegations of paragraph 40 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

41. For further answer and defense, this defendant, denies the allegations contained in paragraph 41 of this complaint, as said allegations are speculative, presumptive and conclusionary and demands strict proof thereof.

42. For further answer and defense, this Defendant states that he denies the allegations of paragraph 42 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

### COUNT V - CIVIL CONVERSION

43. For further answer and defense, this Defendant hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 43 of the complaint as if fully set for herein.

44. For further answer and defense, this Defendant states that he denies the allegations of

paragraph 44 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

45. For further answer and defense, this Defendant states that he denies the allegations of paragraph 45 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and demands strict proof thereof.

46. For further answer and defense, this defendant, denies the allegations contained in paragraph 46 of this complaint, as said allegations are speculative, presumptive and conclusionary and demands strict proof thereof.

### COUNT VI - Tex. Civ. Prac. & Rem. Code § 123.001, et. seq.

47. For further answer and defense, this Defendant hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 47 of the complaint as if fully set for herein.

48. For further answer and defense, this Defendant states that he has no knowledge as the allegations contained in Paragraph 48 of the complaint, and therefore denies the same, and demands strict proof thereof.

49. For further answer and defense, this Defendant states that he denies the allegations of paragraph 49 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and said allegations for damages are speculative, presumptive and conclusionary and demands strict proof thereof.

### REQUEST FOR INJUNCTIVE RELIEF

50. For further answer and defense, this Defendant hereby incorporates by reference the foregoing paragraphs of this Answer to paragraph 50 of the complaint as if fully set for herein.

51. For further answer and defense, this Defendant states that he denies the allegations of paragraph 51 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and said allegations for damages are speculative, presumptive and conclusionary and demands strict proof thereof.

52. For further answer and defense, this Defendant states that he denies the allegations of paragraph 52 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and said allegations for damages are speculative, presumptive and conclusionary and demands strict proof thereof.

53. For further answer and defense, this Defendant states that he denies the allegations of paragraph 53 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and said allegations for damages are speculative, presumptive and conclusionary and demands strict proof thereof.

54. For further answer and defense, this Defendant states that he denies the allegations of paragraph 54 of the complaint pertaining to this Defendant, and states that to the extent that such allegations address other Defendants, he has no knowledge, and therefore denies the same, and said allegations for damages are speculative, presumptive and conclusionary and demands strict proof thereof.

## ADDITIONAL DEFENSES

55. FIRST DEFENSE: For further answer and defense, this Defendant alleges that there has been a misjoinder of Defendants herein in that there has been no allegation that the Defendants named have acted either in concert or as a group. There is no allegation of any common nexus of facts which would support the joinder of Defendants herein. Plaintiff herein is on actual notice of its inappropriate joinder by virtue of the decision appended hereto and labeled Exhibit "A" from the United States District Court for the Western District of Oklahoma wherein plaintiff attempted doing the same thing.

56. SECOND DEFENSE: For further answer and defense, this Defendant states that to the extent Plaintiff cannot demonstrate possession by this defendant or an interception by this defendant of its commercial product, it fails to state a claim against the defendant upon which upon which relief can be granted.

57. THIRD DEFENSE: For further answer and defense, this defendant, avers Plaintiff has not joined alleged distributors Vector Technologies, DSS-Stuff, Shutt, Inc., Internek, and DSS-Hangout. in this action and are parties who must be joined in this action under 19 in that events alleged indicate that these parties must be joined.

## AFFIRMATIVE DEFENSES

FOR FURTHER ANSWER AND DEFENSES, COMES NOW, Defendant, RAMON BERMEA, by and through his undersigned attorney and sets forth the following AFFIRMATIVE DEFENSES to Plaintiff, and states as follows:

58. **FIRST AFFIRMATIVE DEFENSE:** The complaint is neither well grounded in fact nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

59. **SECOND AFFIRMATIVE DEFENSE:** Each and every fact alleged in the complaint was discovered and actually known by plaintiff before allegation in complaint. This action was not commenced within the required years from the time plaintiff had actual knowledge of the facts upon which the alleged claims depend is therefore barred by the statute of limitations.

60. **THIRD AFFIRMATIVE DEFENSE:** Plaintiff is estopped from bringing this action.

61. **FOURTH AFFIRMATIVE DEFENSE:** The doctrine of laches applies to bar Plaintiff's cause of action.

62. This Defendant pleads all affirmative defenses available to him which may be supported by the evidence upon the completion of discovery.

63. This Defendant reserves the right to plead additional affirmative defenses upon completion of discovery.

## PRAYER

WHEREFORE, premises considered, this Defendant, Ramon Bermea, prays that the Court enter its order dismissing this action for the reasons set forth above, that this matter be severed as to the claims asserted against him, and that further, should this matter proceed to resolution on the merits as against this Defendant, the judgment be rendered in favor of this Defendant, and against the Plaintiff, together with this Defendant's cost, attorney fees, and such other and further relief as may be equitable and he may be entitled.

Respectfully submitted,

BY: _____
RICHARD VALDEZ
Attorney for Defendant, Ramon Bermea
State Bar # 00789694
Federal Id# 19877

LAW OFFICE OF
RICHARD VALDEZ
905 MORGAN BLVD., STE. B
P.O. BOX 534042
HARLINGEN, TEXAS 78550
TELE (956) 425-5775
FAX  (956) 425-6565

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER was served upon the counsel of record as follows:

```
Lecia L. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren ST.
Brownsville, Texas  78522
```

via: Hand Delivery_____
and/or:_____

This ___5th___ day of ___December___, 2003.

_____
RICHARD VALDEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
AUG - 8 2003
ROBERT D. DENNIS, CLERK
U.S DIST COURT, WESTERN DIST. OF OKLA
BY_____DEPUTY

DIRECTV, Inc., )
)
        Plaintiff, )
)
-vs- ) Case No. CIV-03-0674-F
)
JOE HURST, et al., )
) **DOCKETED**
        Defendants )

## ORDER

    On June 19, 2003, the court entered an order indicating that defendants may not be properly joined in this action under Fed.R.Civ.P. 20 and directing plaintiff, DIRECTV, Inc., to show cause why all named defendants other than the first named defendant in this action should not be dropped from this action and a separate complaint be filed against each of the dropped defendants.

    On that same day, defendants, Jerry Stultz and Zachary K. McLain, separately filed motions to dismiss, seeking to dismiss plaintiff's complaint on the grounds that the defendants were improperly joined and venue is improper. Thereafter, on July 11, 2003, defendant, Joe Hurst, filed a motion to dismiss likewise seeking dismissal of plaintiff's complaint on the grounds that he was improperly joined and venue is improper.

    In response to the court's show cause order and in response to the motions to dismiss of defendants, Stultz and McLain,[1] plaintiff contends that defendants were

---

[1] It appears from the record that plaintiff has not responded to the motion to dismiss filed by defendant Hurst on July 11, 2003



properly joined in this action under Rule 20 and venue is proper. In regard to joinder, plaintiff asserts that the claims against defendants arise out of the same series of transactions or occurrences and contain common questions of law and fact. Plaintiff additionally maintains that continued joinder of these defendants promotes judicial economy. As to venue, plaintiff asserts that venue is proper because defendant, Tommy Ronio, resides in this district. Finally, addressing the court's proposed action if misjoinder is found, plaintiff asserts that under Fed.R.Civ.P. 21, the cure for misjoinder is severance rather than dismissal.

Fed.R.Civ.P. 20 provides in pertinent part:

> ... All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The purpose of Rule 20 is promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *See*, 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1652 (3d ed. 2001). Permissive joinder, however, is not applicable in all cases. Rule 20 imposes two specific requisites to the joinder of defendants: (1) a right of relief asserted against defendants in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action. Both of these requirements – transactional relatedness and commonality – must be satisfied. Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994); 4 James Wm Moore, Moore's Federal Practice § 20.02(1)(a) (3d ed. 2003). While the requirement of commonality is easy to satisfy, the transactional relatedness requirement is more difficult to assess. *Id.* It generally requires a case by case analysis. *Id.* at

§ 20.05. Commonly, courts have applied the Fed.R.Civ.P. 13(a) "logical relationship" standard: "[A]ll 'logically stated' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Mosley v. General Motors Corporation, 497 F.2d 1330, 1333 (8th Cir. 1974) (quoting 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1653).

Upon further review, the court agrees with its initial assessment that defendants are not properly joined under Rule 20. The court does not agree with plaintiff that its right of relief against defendants arises out of the same series of transactions or occurrences. In the court's view, the transactional relatedness requirement, even when read broadly, is not satisfied. It is true that plaintiff alleges that each defendant purchased a number of "illegal signal theft devices" and that these devices were purchased from distributors who filled their orders through Fulfillment Plus or USA Card Cleaners, Inc. The devices, however, were not purchased by defendants from the same distributor, were not purchased at the same time and were not shipped to the same location. It should also be noted that plaintiff's right of relief against each defendant does not arise out of his alleged purchase or purchases of "illegal signal theft devices." Rather, the right of relief asserted by plaintiff arises out of each defendant's alleged designing, developing, manufacturing, modifying, importing, exporting, trafficking, distributing and/or selling of "illegal satellite signal theft devices." In regard to the alleged wrongful conduct of distributing and/or selling "illegal satellite signal theft devices," these devices were presumably distributed and/or sold by each defendant to unidentified individuals at different times and different locations. The alleged designing, developing, manufacturing, modifying, importing, exporting and trafficking also presumably occurred at different times and different locations. In light

of these alleged distinct and separate acts by defendants, the court cannot say that the claims against defendants are logically related so as to permit joinder under Rule 20.

In addition, permissive joinder is not warranted simply because identical causes of action are alleged against defendants. There is no allegation that the named defendants acted jointly or conspired with each other in any alleged wrongful conduct. In the absence of any alleged joint action or conspiracy, courts have concluded that joinder is inappropriate. *See*, Tele-Media Company of Western Connecticut v. Antidormi, 179 F.R.D. 75 (D. Conn. 1998) (in absence of conspiracy or joint action, cable television company not allowed to bring action against 104 individual defendants claiming each used altered converter to obtain unauthorized reception of premium or pay-per-view programming); *see also*, Movie Systems, Inc. v. Abel, 99 F.R.D. 129 (D. Minn. 1983) (in the absence of joint action, distributor of television programs, claiming unlawful pirating of microwave signals, not permitted to sue 1795 individuals by filing 18 separate actions with approximately 100 defendants in each action). Moreover, the discovery or detection by plaintiff of the alleged wrongful conduct through the execution of civil writs of seizure upon distribution centers and the voluntary disclosure or surrender of business records by certain distributors does not warrant permissive joinder. *See*, Tele-Media Company of Western Connecticut, 179 F.R.D. at 76 ("same transaction" requirement not met because each defendant's alleged violation came to light as a result of an electronic countermeasure plaintiff instituted to detect and disable altered converters).

Because the court concludes that plaintiff's right to relief against defendants does not arise out of the same series of transactions or occurrences, the court concludes that joinder of defendants is not permissible under Rule 20. Plaintiff's joinder of defendants in this case, therefore, constitutes a misjoinder.

> Fed.R.Civ.P. 21 provides in pertinent part:
>
> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped . . . by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Due to statute of limitations concerns, plaintiff urges the court to sever the claims against the misjoined defendants rather than to dismiss the misjoined defendants. Defendants Hurst, Stultz and McLain request dismissal. The court, upon careful consideration, concludes that dismissal of misjoined defendants, Stultz, McLain, Ronio, and John Does 1-10, is not appropriate. Nor is dismissal of the action against the first named defendant, Hurst, appropriate. Instead, the court concludes that the claims against defendants, Stultz, McLain, Ronio and John Does 1-10 should be severed from the claims against defendant, Hurst and **ORDERS** as follows:

1. Within 30 days from the date of this order, plaintiff shall file new separate complaints against defendants, Stultz, McLain and Ronio, and pay the appropriate filing fee for each of the complaints. The new complaints, if timely filed, shall relate back to the filing of the original complaint in this case.

2. Within 30 days from the date of this order, plaintiff shall also file a new amended complaint against defendant Hurst.

3. Upon the filing of the new complaints (and the reassignment of the new actions to the undersigned, if necessary) and the amended complaint, the court shall transfer the actions against defendants, Hurst, Stultz and McLain, who are residents of Tulsa, Oklahoma, to the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1406, in light of the fact that venue will no longer be proper in this district for those actions.

4. As to the newly filed complaints against defendants, Stultz, McLain, and Ronio, plaintiff shall not be required to effect service of process pursuant to Fed.R.Civ.P. 4. Plaintiff shall be entitled to serve the pleading under the requirements of Fed.R.Civ.P. 5.

5. Defendants shall file an answer or otherwise respond to the new complaints or amended complaint within 20 days from the filing of the new complaint or amended complaint.

6. In light of the court's ruling, Defendant Zachary McLain's Motion to Dismiss filed June 19, 2003 (docket entry no. 14), Defendant Jerry Stultz's Motion to Dismiss filed June 19, 2003 (docket entry no. 15) and Defendant Joe Hurst's Motion to Dismiss filed July 11, 2003 (docket entry no. 24) are **DENIED**.

Entered this 8th day of August, 2003.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

03-0674p003.wpd